**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

KARTIK PATEL and PMK CORPORATION d/b/a BUDGET 8 INN,

Plaintiffs,

v.

CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY; CITY OF INDIANAPOLIS DEPARTMENT OF BUSINESS AND NEIGHBORHOOD SERVICES; ABBEY BRANDS in her official capacity; AMY WUNDER in her official capacity, and CHARLES ASKEW, in his official and individual capacities,

Defendants.

Civil Action No.:

1:23-cv-01495-JMS-MKK

**BRIEF ON BEHALF OF KARTIK PATEL AND PMK CORPORATION d/b/a BUDGET 8 INN IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' ANSWER TO THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)(2)**

**TOMPKINS LAW**
608 East Market Street
Indianapolis, IN 46202
P: (317) 507-4838

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
P: (973) 848-4000

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ........................................................................ 2

LEGAL STANDARD ........................................................................ 6

ARGUMENT ........................................................................ 7

I. The Court should declare admitted allegations based on information unquestionably within Defendants' possession and readily available, about which Defendants claim they "lack sufficient information." ................ 7

II. Defendants' improper responses that they lack sufficient information and knowledge to admit or deny an allegation, and therefore deny the allegation, should be stricken, even if the fact alleged is not obviously within Defendants' knowledge. ........................................................ 9

III. Defendants' responses that "no response is required," followed by "to the extent that another response is required, denied" should similarly be stricken. ........................................................................ 10

IV. Defendants' Answer should be stricken in its entirety. ................................ 13

CONCLUSION ........................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Photocopy Equip. Co. v. Rovico, Inc.*,
359 F.2d 745 (7th Cir. 1966) ....................2, 8, 9

*Baumann v. Bayer, AG*,
Civil Action No. 02-2351, 2002 WL 1263987 (N.D. Ill. June 5, 2002) ....................12

*Burda v. M. Ecker Co.*,
954 F.2d 434 (7th Cir.1992) ....................7

*Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*,
554 F.3d 1133 (7th Cir. 2009) ....................6, 7

*Donnelly v. Frank Shirey Cadillac, Inc.*,
No. 05 C 3520, 2005 WL 2445902 (N.D. Ill. Sept. 29, 2005) ....................11, 12

*Gracedale Sports & Ent., Inc. v. Ticket Inlet, LLC*,
No. 99 C 2781, 1999 WL 618991 (N.D. Ill. Aug. 9, 1999) ....................11, 12

*Hardin v. Am. Elec. Power*,
188 F.R.D. 509 (S.D. Ind. 1999) ....................7, 13

*Heller Fin., Inc. v. Midwhey Powder Co.*,
883 F.2d 1286 (7th Cir. 1989) ....................2

*Illinois Wholesale Cash Reg., Inc. v. PCG Trading, LLC*,
No. 08 C 363, 2009 WL 1515290 (N.D. Ill. May 27, 2009) ....................11

*N. Indiana Metals v. Iowa Exp., Inc.*,
No. 2:07-CV-414-PRC, 2008 WL 2756330 (N.D. Ind. July 10, 2008) ....................11

*Reis Robotics USA, Inc. v. Concept Indus., Inc.*,
462 F. Supp. 2d 897 (N.D. Ill. 2006) ....................12

*Sharifi v. Stellar Recovery, Inc.*,
Civil Action No. 15-10587, 2016 WL 246134 (N.D. Ill. Jan. 20, 2016) ....................9

*Talbot v. Robert Matthews Distrib. Co.*,
961 F.2d 654 (7th Cir. 1992) ....................6

*Trs. Of Auto. Mechs. Local No. 71 Pension & Welfare Funds v. Union Bank of Cal., N.A.*,
Civil Action No. 08-7217, 2009 WL 4668580 (N.D. Ill. Dec. 2, 2009) ....................12

*Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*,
Civil Action No. 14-0006, 2017 WL 1101096 (N.D. Ind. Mar. 21, 2017) ....................12

*Venters v. City of Delphi*,
123 F.3d 956 (7th Cir. 1997) ....................6

**Statutes**

42 U.S.C. § 1983 ....................2

Indiana Tort Claims Act ....................2

**Other Authorities**

Fed. R. Civ. P. 8 ....................1, 6, 7, 13

Fed. R. Civ. P. 8(a) ....................6, 8

Fed. R. Civ. P. 8(b) ....................11

Fed. R. Civ. P. 8(b)(1) ....................6, 8

Fed. R. Civ. P. 8(b)(5) ....................7, 9

Fed. R. Civ. P. 11 ....................1, 6, 8

Fed. R. Civ. P. 11(b) ....................9

Fed. R. Civ. P. 11(b)(4) ....................6, 8

Fed. R. Civ. P. 11(c)(2) ....................6

Fed. R. Civ. P. 12(f) ........ 6

Indiana Constitution ........ 2, 3

Indiana Constitution Article I § 12 ........ 2

United States Constitution ........ 2

United States Constitution Fourteenth Amendment Due Process Clause ........ 2

**PRELIMINARY STATEMENT**

Defendants' Answer to Plaintiffs' Complaint demonstrates a complete failure to undertake even a minimal good faith effort to respond to the allegations of the Complaint properly and comply with Defendants' and counsel's obligations under the Federal Rules of Civil Procedure. For example, *the individual Defendants claim to have insufficient information to admit or deny allegations about where they themselves live and work.* Defendants also claim to have insufficient information to admit or deny direct quotes from their own documents—not the meaning of those quotes, but rather, *whether the quotes appear in their documents*. Defendants use perfunctory, qualifying phrases to avoid their pleading obligations in response to 138 paragraphs in the Complaint, despite those responses being at odds with the requirements of Fed. R. Civ. P. 8 and Fed. R. Civ. P. 11, and having been held inappropriate by the Seventh Circuit and numerous district courts.

Defendants' responses to more than half of the paragraphs in the Complaint are fundamentally inappropriate for one or more of the following reasons:

- They claim insufficient information to admit or deny verbatim quotes from their own documents;
- They claim insufficient information to admit or deny allegations "and therefore deny the allegations;"
- They claim insufficient information to admit or deny facts that even a cursory review of readily accessible information in their possession would confirm;

- They improperly respond "no response is required, [but] to the extent a response is required, Defendants deny the allegations" to direct quotes from Indiana statutes, the United States Constitution, and the Indiana Constitution; and
- They deny directly, or with the preceding "no response is required" qualification, numerous other indisputable facts.

In order to maintain the efficiency of this complex litigation moving forward and to avoid distraction from material issues, Plaintiffs respectfully request that the Court deem admitted the most offensive of Defendants' responses, *see Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966) (deeming response to be an admission where lack of knowledge assertion is "obviously a sham"), and strike the remainder of Defendants' Answer to "expedite" and "remove unnecessary clutter from the case." *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## STATEMENT OF FACTS

On September 11, 2023, Plaintiffs Kartik Patel and PMK Corporation d/b/a Budget 8 Inn ("PMK," and together with Patel, "Plaintiffs") brought this action asserting claims under 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Article I § 12 of the Indiana Constitution, and the Indiana Tort Claims Act, against Defendants Consolidated City of Indianapolis/Marion County, the City of Indianapolis Department of Business and

Neighborhood Services, Abbey Brands, Amy Wunder, and Charles Askew. [*See* Complaint, Filing No. 1 at 1].

Consistent with their pleading obligations, Plaintiffs' well-pled Complaint lays out in great detail Defendants' deliberate campaign to unlawfully shut down the Budget 8 Inn Hotel (the "Hotel"), owned and operated by PMK,[1] in violation of Plaintiffs' due process rights, the Indiana Constitution, Indiana statutes, and Indianapolis ordinances. The Complaint describes the events that led to Defendants' unlawful and immediate shutting down of the Hotel, how Defendants denied the Hotel's application for renewal of its operating license under false pretenses (*see id.*, ¶¶ 38–57), and how the Defendants—when the Hotel's license was still intact (*see id.*, ¶¶ 152–59)—sent police and other Indianapolis officials to the Hotel to go door-to-door and tell Plaintiffs' guests that the Hotel had lost it license and they would have to leave (*see id.*, ¶¶ 132–51).

Many of the allegations in the Complaint are based on Defendants' *own documents*, which Defendants produced to Plaintiffs in connection with Plaintiffs' administrative appeal of Defendants' denial of the Hotel's operating license. Nonetheless, Defendants claim that they "lack sufficient information to admit or deny" those allegations or, inexplicably, that "no response is required."

---

[1] Plaintiff Patel owns all outstanding shares of PMK with his wife, Manisha Patel.

For example, Defendants assert they lack sufficient information to admit or deny verbatim quotes from communications in their possession. (*See* Answer, Filing No. 15, ¶¶ 41–45, 156). Defendants also claim that they lack sufficient information to answer allegations based on the text of documents and communications in their possession, without even to addressing Plaintiffs' characterization of those documents and communications. (*See id.*, ¶¶ 39–40, 53–54, 59–60, 87–89, 91, 98, 114–115, 119, 150, 158–159). Some of those allegations are a matter of judicial record. (*See id.*, ¶¶ 89, 91, 98). Defendants also claim they lack sufficient information to admit or deny direct quotes taken from a news article that Plaintiffs cited by source, author, and title in the Complaint. (*See id.*, ¶¶ 47–48, 50; *see also* Complaint at 9).

Among the most egregious examples of Defendants' claiming a lack information to admit or deny allegations, which could have been confirmed with minimal effort, Defendants claim they "lack sufficient information" to admit the job title, domicile, or residence of individual Defendants Abbey Brands, Amy Wunder, and Charles Askew (*see* Answer, ¶¶ 14–16)—although Brands, Wunder, and Askew are among the Defendants answering the Complaint. (*See id* at 1).

Defendants also respond that "no response is required" to numerous allegations, *but then deny them*. This nonsense is offered in response to direct quotes from provisions of the Revised Code and the United States and Indiana Constitutions

(*see id.*, ¶¶ 32–37, 116, 118, 121, 122, 124, 127, 132, 133, 137, 138, 139, 169, 196), and Plaintiffs' allegation stating that "[s]ervice of a Summons does not now, and never has, constituted an 'arrest' under Indiana law." (*See id.*, ¶ 100). Defendants also contend no response is require to basic factual allegations about Defendants' denial of Plaintiffs' application for renewal of the Hotel's operating license, which are a matter of record in the administrative appeal of Defendants' denial. (*See id.*, ¶¶ 102–107, 116, 117, 118, 136, 140, 141, 144, 151, 155, 157).

In total, Defendants respond to ***138 paragraphs*** of allegations in Plaintiffs' Complaint with one of the following: (1) "Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the allegations" or (2) "No response is required. To the extent that another response is required, Defendants deny the allegations." (*See id.*, ¶¶ 9–11, 14–16, 21–31, 38–48, 50–60, 65–66, 70–73, 75–84, 86–91, 93, 95–96, 98, 111, 113–15, 119, 123, 142–43, 147–50, 154, 156, 158–60, 162–65, 180, 191, 214–15, 223–225 ("lack sufficient information"); *see id.*, ¶¶ 18-20, 32-37, 69, 92, 100, 102-07, 116-18, 121-22, 124, 127, 132-133, 136-41, 151, 153, 155, 157, 169-170, 179, 196, 203, 242-243 ("[n]o response is required").

Defendants also deny *without* qualification certain indisputable facts, such as that individual defendant Askew drafted (or directed the drafting of) an order bearing his signature (*see id*, ¶¶ 231–32) and allegations that are a matter of judicial record

(*see id*, ¶¶ 85, 97–98).

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires a defendant "responding to a pleading [to] . . . (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Denials "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(a). The purpose of the requirements of Fed. R. Civ. P. 8 "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *See Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997).

Moreover, by signing and filing an answer to a pleading, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (4) the denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Violations of Rule 11 may subject counsel to sanctions. *See* Fed. R. Civ. P. 11(c)(2).

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f));

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). The Court may strike a pleading either *sua sponte* or on motion by a party, and has "considerable discretion" in doing so. *Delta Consulting Grp.*, 554 F.3d at 1141. Orders to strike are particularly appropriate when pleadings are interposed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir.1992).

"Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (citing 5 Wright & Miller Federal Practice and Procedure: Civil 2d § 1281, 522 (1990 & Supp. 1999)). However, if a pleading violates the requirements of Fed. R. Civ. P. 8 to such an extent "that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," the Court "may strike the entire pleading while granting leave to replead." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999).

## ARGUMENT

### I. The Court should declare admitted allegations based on information unquestionably within Defendants' possession and readily available, about which Defendants claim they "lack sufficient information."

The Federal Rules of Civil Procedure permit parties to assert lack of knowledge or information in response to an allegation where they actually lack knowledge or information, and such assertions act as denials. *See* Fed. R. Civ. P.

8(b)(5). However, this does not permit a party to avoid properly addressing well-pled allegations by putting their head in the sand. *See* Fed. R. Civ. P. 8(b)(1); Fed. R. Civ. P. 8(a). A party must "admit or deny the allegations asserted against it" and must "fairly respond to the substance of the allegation[s]." *See id.* These obligations require the party to perform "an inquiry reasonable under the circumstances" and sufficient to form a denial "reasonably based on belief or lack of knowledge." Fed. R. Civ. P. 11(b)(4). A defendant's "want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is ***obviously a sham***." *Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966) (emphasis added). "In such circumstances the facts alleged in the complaint stand admitted." *Id.*

Defendants claim lack of sufficient information to admit or deny 93 of Plaintiffs' paragraphs of allegations. (*See* Answer, ¶¶ 9–11, 14–16, 21–31, 38–48, 50–60, 65–66, 70–73, 75–84, 86–91, 93, 95–96, 98, 111, 113–15, 119, 123, 142–43, 147–50, 154, 156, 158–60, 162–65, 180, 191, 214–15, 223–225). For at least 29 of these paragraphs, Defendants clearly fail to perform a cursory, never mind a *reasonable,* inquiry into the accuracy of Plaintiffs' allegations sufficient to form a denial reasonably based on belief or lack of knowledge, as required by Rule 11. (*See id.*, ¶¶ 14–16, 39–45, 47–48, 50, 53–54, 59–60, 87–89, 91, 98, 114–115, 119, 150, 156, 158–159).

Indeed, Defendants transparently misuse the "lack knowledge or information" assertion permitted by Fed. R. Civ. P. 8(b)(5) in order to avoid taking a position with respect to many indisputable allegations going to the heart of Plaintiffs' claims. (*Id.*).

Under these circumstances, Defendants' assertions should not be permitted to serve as denials. *See Am. Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 747 (7th Cir. 1966). To the contrary, Defendants' failure to respond properly to the 29 allegations completely discredits their assertions that they "lack sufficient information." *See id.* (a party's failure "to frankly reply . . . exhibits a lack of fairness which completely discredits [the party's] statement that it is without knowledge of or information sufficient to form a belief as to the truth of said averment . . . ."). Those assertions are "obviously a sham" and, accordingly, this Court should order that they "stand admitted." *Id.* at 747.

## II. Defendants' improper responses that they "lack sufficient information to admit or deny" an allegation, and therefore deny the allegation, should be stricken, even if the fact alleged is not obviously within Defendants' knowledge.

It is "oxymoronic" for a party to assert that they lack information to deny an allegation and then deny the allegation. *Sharifi v. Stellar Recovery, Inc.*, Civil Action No. 15-10587, 2016 WL 246134, at *1 (N.D. Ill. Jan. 20, 2016). "[S]uch a denial is at odds with the pleader's obligations under Rule 11(b)" and should be "stricken from each of those paragraphs of the Answer." *Id.*

Defendants append "and therefore deny the allegations" to all 93 of the responses in which they assert they "lack sufficient information to admit or deny." (*See* Answer, ¶¶ 9–11, 14–16, 21–31, 38–48, 50–60, 65–66, 70–73, 75–84, 86–91, 93, 95–96, 98, 111, 113–15, 119, 123, 142–43, 147–50, 154, 156, 158–60, 162–65, 180, 191, 214–15, 223–225).

These evasive and nonsensical denials do nothing to inform the issues in this action and suggest that little effort, if any, was expended investigating any of Plaintiffs' allegations. Moreover, some of the allegations to which Defendants respond that they lack sufficient information to admit or deny call into question the credibility of all of the responses in which Defendants' assert lack of information. *See* Section I *supra*.

Therefore, Plaintiffs request that the Court strike all of the 93 responses that the Court does not deem admitted per Plaintiffs' request in Section I *supra*.

## III. Defendants' responses that "no response is required," followed by "to the extent that another response is required, Defendants deny" should similarly be stricken.

Defendants assert "no response is required" to 45 paragraphs of allegations in the Complaint but then add that "[t]o the extent a response is required, Defendants deny the allegations." (*See* Answer, ¶¶ 18-20, 32-37, 69, 92, 100, 102-07, 116-18, 121-22, 124, 127, 132-133, 136-41, 151, 153, 155, 157, 169-170, 179, 196, 203, 242-243. Many of Defendants' claims that no response is required relate to direct

quotes from provisions of the Revised Code and the United States and Indiana Constitutions. (S*ee id.* at ¶¶ 32–37, 121, 122, 124, 127, 132, 133, 137, 138, 139, 169, 196). Defendants also assert no response is required to a number of basic and indisputable factual allegations about Plaintiffs' application for renewal and Defendants' denial of the Hotel's operating license. (*See id.*, ¶¶ 102–107, 116, 117, 118, 136, 140, 141, 144, 151, 155, 157).

If Defendants contend they are correct in asserting no response is required to quotations from constitutions and statutes because they are assertions of law, Defendants are wrong. Several district courts have relied on Seventh Circuit authority to reject the proposition that allegations asserting legal conclusions do not require a response. *See, e.g.*, *Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *2 (N.D. Ill. Sept. 29, 2005) (citing *Jackson v. Marion County*, 66 F.3d 151, 153–54 (7th Cir.1995); *Gracedale Sports & Ent., Inc. v. Ticket Inlet, LLC*, No. 99 C 2781, 1999 WL 618991, at *2 (N.D. Ill. Aug. 9, 1999) (same); *see also Illinois Wholesale Cash Reg., Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *N. Indiana Metals v. Iowa Exp., Inc.*, No. 2:07-CV-414-PRC, 2008 WL 2756330, at *4 (N.D. Ind. July 10, 2008). Such a proposition would "fl[y] in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a

response." *Gracedale* Sports, 1999 WL 618991, at *2; *Donnelly*, 2005 WL 2445902, at *2.

Several courts have forbidden defendants from asserting that no response is required, but then adding a denial qualified by "to the extent" a response is required. *See Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, Civil Action No. 14-0006, 2017 WL 1101096, at *2 (N.D. Ind. Mar. 21, 2017); *Trs. Of Auto. Mechs. Local No. 71 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, Civil Action No. 08-7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897 (N.D. Ill. 2006); *Baumann v. Bayer, AG*, Civil Action No. 02-2351, 2002 WL 1263987, at *1 (N.D. Ill. June 5, 2002). Each of these courts rejected outright a party's attempt to qualify an admission or denial "to the extent" a response is required. The courts reasoned that such a response is "wholly uninformative," *Baumann*, 2002 WL 1263987, at *1, an impermissible "qualified" answer," *Reis Robotics*, 462 F. Supp. 2d at 897, or "a telltale sign that [the party] has failed to comply with the notice pleading requirements," *Trs. Of Auto. Mechs. Local No. 71*, 2009 WL 4668580, at *1.

Accordingly, Plaintiffs request that the Court strike all 45 of Defendants' responses stating denials qualified by "to the extent that another response is required, Defendants deny the allegations."

**IV. Defendants' Answer should be stricken in its entirety.**

"Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it." *Hardin*, 188 F.R.D. at 511. However, if a pleading violates the requirements of Fed. R. Civ. P. 8 to such an extent that "a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," the Court "may strike the entire pleading while granting leave to replead." *Id.*

Plaintiffs' Complaint contains 243 paragraphs of allegations. Plaintiffs request herein that the Court deem admitted or strike 138 of Defendants' responses to those paragraphs. Accordingly, Plaintiffs request that the Court not expend judicial resources restructuring Defendants' Answer but rather strike the pleading in its entirety. *See Hardin*, 188 F.R.D. at 511.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deem admitted Paragraphs 14–16, 39–45, 47–48, 50, 53–54, 59–60, 87–89, 91, 98, 114–115, 119, 150, 156, and 158–159 of Defendant's Answer to the Complaint, and strike the remainder of the pleading in its entirety.

Dated: November 6, 2023

Respectfully submitted,

**TOMPKINS LAW**

By: */s/ John L. Tompkins*
John L. Tompkins
johnltom@mac.com

608 East Market Street
Indianapolis, IN 46202
P: (317) 507-4838

**K&L GATES LLP**

Robert Everett Wolin
*(pro hac application pending)*
Robert.Wolin@klgates.com

Charles F. Rysavy
*(admitted pro hac vice)*
charles.rysavy@klgates.com

Seth I. Allen
*(admitted pro hac vice)*
Seth.allen@klgates.com

One Newark Center, Tenth Floor
Newark, New Jersey 07102
P: (973) 848-4000
F: (973) 848-4001

*Attorneys for Plaintiffs*