**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

|  |  |
|---|---|
| KARTIK PATEL and PMK CORPORATION d/b/a BUDGET 8 INN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY; CITY OF INDIANAPOLIS DEPARTMENT OF BUSINESS AND NEIGHBORHOOD SERVICES; ABBEY BRANDS in her official capacity; AMY WUNDER in her official capacity, and CHARLES ASKEW, in his official and individual capacities,<br><br>　　　　Defendants. | Civil No.: 1:23-cv-1495-JMS-MKK |

**CASE MANAGEMENT PLAN**

**I.　Parties and Representatives**

　　A.　Plaintiffs:　　-KARTIK PATEL and
　　　　　　　　　　　-PMK CORPORATION d/b/a BUDGET 8 INN,

　　　　Defendants:　- Consolidated City Of Indianapolis/Marion County;
　　　　　　　　　　 -City of Indianapolis Department of Business and
　　　　　　　　　　　Neighborhood Services;
　　　　　　　　　　- Abbey Brands, in her official capacity;
　　　　　　　　　　- Amy Wunder, in her official capacity;
　　　　　　　　　　- Charles Askew, in his official and individual capacities.

　　B.　Plaintiffs' Counsel:　　　John L. Tompkins
　　　　　　　　　　　　　　　　Tompkins Law
　　　　　　　　　　　　　　　　608 East Market Street
　　　　　　　　　　　　　　　　Indianapolis, IN 46202
　　　　　　　　　　　　　　　　P: (317) 507-4838
　　　　　　　　　　　　　　　　F: (317) 685-2329
　　　　　　　　　　　　　　　　　　johnltom@mac.com

          Edward G. Bielski
          Bielski Law LLC
          608 East Market Street
          Indianapolis, Indiana 46202
          P: (317) 631-6866
          F: (317) 685-2329
          ed@edbielski.com

The Following Counsel have appeared for Plaintiffs but have indicated they will be withdrawing as Counsel:

          Robert Everett Wolin
          Charles F. Rysavy
          Seth I. Allen
          One Newark Center, Tenth Floor
          Newark, New Jersey 07102
          P: (973) 848-4000
          F: (973) 848-4001
          Robert.Wolin@klgates.com
          charles.rysavy@klgates.com
          Seth.allen@klgates.com

Defendants' Counsel:    Jessica Reagan Gastineau
          Office of Corporation Counsel City of Indianapolis
          200 E. Washington Street
          Suite 1601
          Indianapolis, IN 46204
          317-327-4055
          Fax: 317-327-3968
          jess.gastineau2@indy.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   <u>Jurisdiction and Statement of Claims</u>

A. The parties disagree regarding jurisdiction.

   1. <u>Plaintiffs' Position on Jurisdiction</u>: This Court has federal subject matter jurisdiction over Plaintiffs' claims asserting violations of federal constitutional rights under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights jurisdiction). Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367(a) because the state-law claims arise out of the same events as the federal claims. Personal jurisdiction is proper in this Court because all the Defendants reside and are domiciled in this judicial district.

      2. <u>Defendants' Position on Jurisdiction:</u> Plaintiffs have failed to exhaust their administrative remedies; therefore, this Court lacks subject matter jurisdiction. Plaintiffs' appeal of the denial of hotel license is still at the administrative level.

B. <u>Plaintiffs' Claim:</u> Plaintiffs brings this action, pursuant to 42 U.S.C. § 1983, to redress Defendants' violation of Plaintiffs' Constitutionally protected rights,  This action arises from Defendants' campaign to shut down Plaintiffs' hotel in violation of Plaintiffs' due process rights and equal protection rights guaranteed under the United States and Indiana constitutions, and in violation of City ordinances and Indiana statutes, while interfering with Plaintiffs' contracts and business relationships with their hotel guests and publicly disseminating false and defamatory statements that plaintiff Patel had been arrested.

    The Complaint, as drafted, is limited in scope, when compared to larger ongoing issues associated with the fact pattern presented.  Although the Administrative Appeal Panel referenced in the Complaint has already announced its ruling on the Plaintiffs' administrative appeal, Plaintiffs are still waiting on its Final Order.  That Final Order is likely to result in a request to Amend the Complaint.  The Court should be aware of the potential changes to the case when considering the appropriate case management plan.

C. <u>Defendants Claims/Defenses</u>: Plaintiffs have failed to exhaust their administrative remedies; therefore, this Court lacks subject matter jurisdiction. Plaintiffs' appeal of the denial of hotel license is still at the administrative level. There have been no constitutional violations, no interference, and no defamation. Plaintiffs' claims are also barred by the Indiana Tort Claims Act and Plaintiffs' contributory negligence, among other defenses identified in Defendants' Answer.

### III. **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 22, 2023**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 5, 2023.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **January 19, 2024**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 26, 2024**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 22, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 22, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 23, 2024**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 120 days prior to the proposed trial month. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **October 22, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the [ESI Supplement to the Report of the Parties' Planning Meeting](http://www.insd.uscourts.gov/case-management-plans) (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

    Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  Yes, plaintiffs content that the available documentation and anticipated testimony will conclusively show that Plaintiffs' civil rights were violated based upon the Laws, Rules and Ordinances identified in the complaint and the facts as outlined in the complaint as well as information anticipated to be discovered during the discovery process.

    B.    On or before **July 1, 2024** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

        _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].   [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

6

track faster than the standard track in all cases in which dispositive motions are not anticipated].

    __X__   Track 2: Dispositive motions are expected and shall be filed by **August 22, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 24, 2024**; expert witness discovery and discovery relating to damages shall be completed by **November 22, 2024**. All remaining discovery shall be completed by **December 23, 2024**.

    _____   Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**     **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in May 2024 [month/year].**

**VI.**    **<u>Trial Date</u>**

The parties request a trial date in May 2025. The trial is by Jury and is anticipated to take one (1) week in the cases current form. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**   **<u>Referral to Magistrate Judge</u>**

    A.   **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

7

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. <u>Required Pre-Trial Preparation</u>

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

### IX. Other Matters

[Insert any other matters any party believes should be brought to the Court's attention]

Respectfully Submitted,

/s/ *John L. Tompkins*
John L. Tompkins
Tompkins Law
608 East Market Street
Indianapolis, IN 46202
*Counsel for Plaintiffs*
*Kartik Patel and*
*PMK Corporation*

/s/ *E.G. Bielski*
Edward G. Bielski
Bielski Law LLC
608 East Market Street
Indianapolis, Indiana 46202
*Counsel for Plaintiffs*
*Kartik Patel and*
*PMK Corporation*


/s/ *Jessica Reagan Gastineau* (per authority in 11/15 emails)
Jessica Reagan Gastineau
Office of Corporation Counsel City of Indianapolis
200 E. Washington Street
Suite 1601
Indianapolis, IN 46204
*Counsel for Defendants*
*Consolidated City Of Indianapolis/Marion County, et al*

*****************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ . |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**