# United States District Court
for the
Southern District of Indiana

| | |
|---|---|
| KARTIK PATEL and PMK CORPORATION d/b/a BUDGET 8 INN,<br><br>    *Plaintiff,*<br><br>vs.<br><br>CONSOLIDATED CITY OF INDIANAPOLIS/ MARION COUNTY; CITY OF INDIANAPOLIS DEPARTMENT OF BUSINESS AND NEIGHBORHOOD SERVICES; ABBEY BRANDS, in her official capacity; AMY WUNDER, in her official capacity, and CHARLES ASKEW in his official and individual capacities,<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)   Cause No: 1:23-cv-1495-JMS-MKK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD ADDITIONAL CLAIMS

Comes now, Plaintiff, Kartik Patel and PMK Corporation, by Counsel, pursuant to FRCP 15(a)(2), and for their Motion For Leave To File Amended Complaint To Add Additional Claims, state as follows:

1. Section III(D) of the Case Management Order indicates the Parties may "amend the pleadings and/or to join additional parties shall be filed on or before **January 26, 2024**."

2. Plaintiffs filed this action on August 18, 2023, pursuant to 42 U.S.C. § 1983, seeking to redress Defendants' violation of Plaintiffs' constitutionally protected rights to due process and equal protection, in relationship to Defendants' campaign to shut down Plaintiffs' hotel.

3. Plaintiffs' submission in §II(B) of the Case Management Plan confirmed that the administrative appeal panel referenced in the Complaint had yet to issue its Final Order. Both In the Proposed Order and in the 11/17/23 initial hearing, Plaintiffs informed the Court that upon receiving the Final Administrative Order, they anticipated filing a Motion to Amend, to include additional claims for relief and expanding the claims against some of the Defendants.

4. On December 15, 2023, the License Review Committee which heard the administrative appeal on November 1, 2023, issued its written Determination Affirming the License Administrator's Decision (the "Final Administrative Order").

5. The Court may also recall that just prior to the Initial Pretrial Conference, there was a significant change in Plaintiffs' representation. During new counsel's subsequent review, he identified additional claims that either were not made in the original complaint, or which were not ripe at the time the Complaint was filed.

6. Plaintiffs have attached, as Exhibit 1 to this Motion their proposed Amended Complaint and Verified Petition for Judicial Review of Indianapolis Board of Business And Neighborhood Services' Administrative Action.

## All The New Claims Are Part of the Same Original Case or Controversy.

7. Petitioners original Complaint, focused on Constitutional Due Process violations relating to Plaintiffs' hotel licensure renewal. All the new counts contained in this Amended Complaint relate to the same concerted action and/or conspiracy aimed at denying license renewal by way of denying due process and equal protection and violating the Fourteenth Amendment to the United States Constitution.

8. The Amended Complaint does not add any new parties to the action. However, in the August Defendants Abbey Brands and Amy Wunder were originally only named in their official capacity with the Indianapolis Board of Business and Neighborhood Services ("BNS"). The Amended Complaint's caption now identifies them as having liability in an individual capacity. These new claims are outlined in Count IV of the Amended Complaint.

9. The BNS' denial of Plaintiffs Hotel License Renewal as well as the appeal of that decision involve the application a nebulous "inimical to the public interest" standard, set forth in Mun.

Code §§ 801-303(a)(2) and 901-204(f). This standard both as written as applied, is unconstitutional vague. This new claim is outlined in Count VI of the Amended Complaint.

10. Constitutional due process violations identified in the original complaint continued through the agency appeal process. Both the appellate procedures and the recent Final Appeal Order itself contain significant violations of both procedural and substantive due process. Those claims are outlined in greater detail in new Counts VIII and XI.

11. Plaintiffs have also set out new claims relating to the concerted effort and conspiracy believed to exist in relationship to the agency action. The implications of some of the investigation conducted indicate violations of equal protection standards established in the 14th Amendment. The issues are addressed and outlined in Count III, IV and X of the Amended Complaint.

12. While the Federal claims relating to due process violation are the focus of this case, Plaintiffs have also noted that almost identical arguments can be made applying the standards set forth in Article I § 12 of the Indiana Constitution. These mirror claims relating to the Indiana Constitution are set forth in Counts V, VII and XII do not change case's focus on Federal Law and violations of the 14th Amendment.

13. The additional state law claims made in Counts XIV, XV and XVI are simply renumbered versions of the claims in the original complaint.

## Verified Petition For Judicial Review of Administrative Action

14. Count XIII of the amended Complaint asks this court to take jurisdiction over the judicial review of the administrative action in this case.

15. While such review is commonly conducted by state courts, this Court has unmistakable jurisdiction to conduct such a review. Constitutional due process analysis relating to the appeal is before the Court. Practical considerations associated two (2) courts evaluating the

exact same due process issues favor this court accepting jurisdiction over application of Indiana state law in the Review of Administrative Action.

*This Court's Jurisdiction*

16. In *City of Chicago v. Illinois College of Surgeons*, 522 U.S. 156 (1997), the Supreme Court held that a federal court has jurisdiction over a petition for judicial review of a final decision by an administrative agency where the petition contains both federal constitutional and state administrative challenges to the agency decision.

17. In *City of Chicago*, the respondent challenged decisions by the Chicago Municipal Landmarks Commission denying respondent's applications to redevelop two historic sites. *Id.* at 159-160. The respondent filed petitions for judicial review of the decisions in state court. *Id.* at 160. It did so because, like the Indiana law here, the applicable statute provided that judicial review of final decisions of a municipal landmarks commission are to be filed in state court. *Id.* at 159.

18. In addition to seeking judicial review of the Commission's decisions, the respondent raised various state and federal constitutional violations, including arguing that the applicable ordinances on their face and as applied violated the Due Process and Equal Protection clauses, and constituted a taking of property without just compensation under the Fifth and Fourteenth Amendments. *Id.* at 160.

19. The petitioner removed the case to federal district court because it had original federal question jurisdiction. Removal was granted, and the district court exercised

supplemental jurisdiction over the state law claims. *Id.* at 161. The Seventh Circuit reversed, concluding that the district court was without jurisdiction. *Id.*

20. The Supreme Court reversed the Seventh Circuit, finding that the district court had jurisdiction on the basis that the petition for judicial review created original federal question jurisdiction via the respondent's facial and as-applied federal constitutional challenges to the Committee's decision. *Id.* at 164.

21. The Court further held that the district court had pendent and ancillary jurisdiction over the state court claims because they "formed part of the same case or controversy." *Id.* at 165. That is, the state and federal court claims "derive[d] from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Id.* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725, (1966).

22. Although the petition for judicial review was initially filed in state court and removed to federal court, the Court noted that the petition for judicial review could have been filed initially in federal court. *City of Chicago*, 522 U.S. at 163−164 ("[e]ven though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law.")

23. Like the District Court in *City of Chicago*, this Court has original federal question jurisdiction over the Petition for Judicial Review of License Committee's decision given that Petitioners seek judicial review, in part, because the License Review Committee's actions violated the United States Constitution, and the applicable ordinances are invalid under the United States Constitution. (*See* Am. Compl., ¶¶ 169-256 and Counts VI, VIII and XI).

24. Petitioners challenge the decision of the License Review Committee (because, among other reasons, the decision was "arbitrary, capricious, [and] an abuse of discretion" in violation of Petitioners' substantive due process rights under the Fourteenth Amendment, relied on an ordinance so vague as to be "contrary to constitutional right, power, privilege, or immunity" in violation of Petitioners' substantive due process rights under the Fourteenth Amendment, constituted a taking "without observance of procedure required by [the procedural due process cause of the Fourteenth Amendment], and was "unsupported by substantial evidence" in violation of Petitioners' substantive due process rights under the Fourteenth Amendment. (*See* Am. Compl., ¶¶ Count XIII).

25. Even though the Indiana APOA *creates* the cause of action for judicial review of the License Review Committee's decision, the majority of Petitioners' challenges to the decision "arise under" the laws of the United States and require "resolution of a substantial question of federal law." *City of Chicago*, 522 U.S. at 164.

26. Accordingly, this Court has original federal question jurisdiction over the Petition for Judicial Review.

27. This Court can and should exercise supplemental jurisdiction over Petitioners' challenges to the License Review Committee's decision under state law as they are "so related to" Petitioners' federal challenges that they together "form part of the same case or controversy." *See* 28 U.S.C. §1367(a). If this Court were to decline to exercise supplemental jurisdiction over Petitioners' state law challenges, concurrent adjudication of the same factual issues and essentially all the same constitutional issues would be required in both this Court and the state court. *See N.B. v. Sybinski*, 724 N.E.2d 1103, 1112 (Ind. Ct. App. 2000) (Indiana state and federal substantive due process analyses are "identical").

*Application of Federal Rules Support Amendment*

28. The Amended Complaint asserts claims "that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," as required by FRCP 15(c)(1)(B).

29. FRCP 15(a)(2) specifically states, "The court should freely give leave [to amend] when justice so requires."

30. Plaintiffs request that this Court deem that the Pleading be deemed filed as of the date this Motion was filed as there is a statutory deadline for filing the Petition.

WHEREFORE, Plaintiff, Kartik Patel and PMK Corporation, by Counsel, requests this Court:

   *a)*   grant leave to file the attached Amended Complaint (Exhibit 1)

   *b)*   exercise supplemental jurisdiction over the claim for Judicial Review over Plaintiff's petition for judicial review of administrative proceedings (Count XIII), pursuant to 28 U.S.C. §1367 and *Chicago v. Illinois College of Surgeons*, 522 U.S. 156 (1997); and

   *c)*   deem the Amended Complaint to be filed as of the date of this Motion and to relate back to the original filing, as allowed in FRCP 15(c).

    Respectfully Submitted,

    **TOMPKINS LAW**

    */s/ John L. Tompkins*
    John L. Tompkins
    johnltom@mac.com

    608 East Market Street
    Indianapolis, IN 46202
    P: (317) 507-4838

    **BIELSKI LAW LLC**

    /s/ *E.G. Bielski*
    Edward G. Bielski, #17862-53
    ed@edbielski.com

    608 East Market Street
    Indianapolis, Indiana 46202
    (317) 631-6866
    (317) 685-2329 (Fax)

    *Counsel for Plaintiffs/Petitioners*
    *Kartik Patel and PMK Corporation*

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed using the Court's CM/ECF system on the day of filing and is available to all counsel of record using the same.

    /s/ *E.G. Bielski*
    Edward G. Bielski