UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARTIK PATEL and PMK CORPORATION d/b/a BUDGET 8 INN, <br><br> *Plaintiffs*, <br><br> v. <br><br> CONSOLIDATED CITY OF INDIANAPOLIS/MARION COUNTY, ET AL., <br><br> *Defendants*. | No. 1:23-cv-01495-JMS-MKK |

**ORDER**

Plaintiffs Kartik Patel and PMK Corporation d/b/a Budget 8 Inn ("the Hotel") initiated this action against Defendants the Consolidated City of Indianapolis/Marion County and the City of Indianapolis Department of Business and Neighborhood Services ("BNS") (collectively, "the City Defendants"); and Abbey Brands, Amy Wunder, and Charles Askew (collectively, "the Individual Defendants") related to the denial of the application for renewal of the Hotel's license. [Filing No. 1.] This Order rules on several outstanding motions – Plaintiffs' Motion for Emergency Stay of Administrative Order Before Business Closure on February 13, 2024, [Filing No. 32]; Plaintiffs' Motion for Preliminary Injunction, [Filing No. 45]; Defendants' Motion to Bifurcate the Judicial Review, [Filing No. 55]; Defendants' Motion to Stay, [Filing No. 56]; and Defendants' Motion for Extension of Time to Answer Plaintiffs' Amended Complaint, [Filing No. 57] – and discusses a plan for resolving this matter on the merits.

**I.**
**BACKGROUND**

Mr. Patel operates the Hotel, and in this lawsuit Plaintiffs challenge Defendants' decision denying the Hotel's license renewal application, which they allege was based on false information

1

relating to an excessive number of 911 calls by Hotel guests.  [*See* Filing No. 1.]  In an Amended Complaint, Plaintiffs set forth 16 claims:

- Count I: Deprivation of the right to procedural due process under the Fourteenth Amendment to the United States Constitution based on a municipal custom or practice against the City Defendants and the Individual Defendants in their official capacities;

- Count II: Deprivation of the right to procedural due process under the Fourteenth Amendment based on a failure to train and supervise against the City Defendants and Ms. Brands and Ms. Wunder in their official capacities;

- Count III: Deprivation of the right to procedural due process under the Fourteenth Amendment against Mr. Askew in his personal capacity;

- Count IV: Deprivation of the right to procedural due process under the Fourteenth Amendment against Ms. Brands and Ms. Wunder in their personal capacities;

- Count V: Deprivation of the right to procedural due process under Article I, § 12 of the Indiana Constitution against all Defendants;

- Count VI: Deprivation of the right to substantive due process under the Fourteenth Amendment, claiming that the ordinances governing the license renewal process are void for vagueness, against the City Defendants;

- Count VII: Deprivation of the right to substantive due process under Article I, § 12 of the Indiana Constitution, claiming that the ordinances governing the license renewal process are void for vagueness, against the City Defendants;

- Count VIII: Deprivation of the right to substantive due process under the Fourteenth Amendment, claiming that the decision not to renew the Hotel's license was arbitrary and capricious, unsupported by substantial evidence, and contrary to statutory authority, against the City Defendants;

- Count IX: Deprivation of the right to substantive due process under Article I, § 12 of the Indiana Constitution, claiming that the decision to affirm the denial of the Hotel's license renewal application was arbitrary and capricious and unsupported by substantial evidence against the City Defendants;

- Count X: Equal protection violation under the Fourteenth Amendment against the Individual Defendants;

- Count XI: Deprivation of the right to procedural due process under the Fourteenth Amendment related to the administrative appeal process against the City Defendants;

- Count XII: Deprivation of the right to procedural due process under Article I, § 12 of the Indiana Constitution related to the administrative appeal process against the City Defendants;

- Count XIII: Verified petition for judicial review of agency action;

- Count XIV: Tortious interference with contractual relationship against the City Defendants;

- Count XV: Intentional interference with business relationships against the City Defendants; and

- Count XVI: Defamation against the City Defendants.

[Filing No. 44 at 41-80.]

On December 20, 2023, Plaintiffs filed a Motion for Emergency Stay of Administrative Order Before Business Closure on February 13, 2024, in which they request that the Court stay BNS's Order directing the Hotel to close by February 7, 2024. [Filing No. 32.] A little over a month later, Plaintiffs filed a Motion for Preliminary Injunction in which they seek a preliminary injunction "restraining [BNS] from enforcing its order closing [the Hotel] by February 13, 2024, and additionally, mandating BNS to receive and process in the normal course [Mr.] Patel's application for a new hotel license for the year 2024." [Filing No. 45 at 1.]

On January 26, 2024, the Court held a telephonic status conference in which it found that it has supplemental jurisdiction over Plaintiffs' claim that the Court undertake a judicial review of the administrative proceeding and, in its discretion, determined to exercise that supplemental jurisdiction given that the judicial review is interrelated to the federal claims Plaintiffs raise and/or may require the resolution of federal claims. [Filing No. 52 at 1.] In a January 29, 2024 Order, the Court noted that Defendants had filed a Notice stating that they "have no objection to this Court

3

ordering a stay in response to Plaintiffs' request [for judicial review of the administrative proceeding] that would have the effect of permitting [the Hotel] to remain open for business until the Court's judicial review of the administrative proceeding is completed," and ordered that the February 6, 2023 Order denying Mr. Patel's license renewal application for the Hotel is stayed such that the Hotel may remain open for business until the Court's judicial review of the administrative proceeding is completed or until further order of the Court.  [Filing No. 54 at 1.]  The Court also ordered Plaintiffs to file the record of the administrative proceeding within 14 days after the record is assembled, and set a full hearing on the merits for March 11, 2024.  [Filing No. 54 at 1-2.]  Finally, the Court ordered the parties to meet and confer regarding a briefing schedule related to the issues that will be addressed at the full hearing on the merits and to file a proposed briefing schedule by February 12, 2024.  [Filing No. 54 at 2.]

Also on January 29, 2024, Defendants filed: (1) a Motion to Bifurcate, in which they request that the Court "bifurcate this matter to separate Count XIII in the Amended Complaint, the judicial review" from Plaintiffs' other claims, [Filing No. 55]; (2) a Motion to Stay, in which they request that the Court stay various deadlines in the Case Management Plan that are not related to Count XIII for judicial review, including expert witness disclosure deadlines, final witness and exhibit list deadlines, the deadline to file statements of claims or defenses, the dispositive motions deadline, the non-expert witness and liability issues discovery deadlines, the expert witness and damages issues discovery deadlines, a May 2024 settlement conference, and the May 2025 trial date, [Filing No. 56]; and (3) a Motion for Extension of Time to Answer Plaintiffs' Amended Complaint, in which they request an extension of time until 20 days after the Court's decision on Count XIII, Plaintiffs' judicial review claim, to file their Answer to the remaining claims in the Amended Complaint, [Filing No. 57].

On February 12, 2024, the parties filed a Submission Relating to Briefing for March 11, 2024 Hearing, in which they stated that Defendants view the March 11, 2024 hearing as "a full hearing on the merits for this Court's Judicial Review of the administrative action by the BNS," and that Plaintiffs view the hearing as one "to address Plaintiffs' Motion for Preliminary Injunction." [Filing No. 60 at 2.]

The Court addresses the motions currently pending in this case below.

## II.
### DISCUSSION

At the outset, the Court notes that the Southern District of Indiana is among the ten busiest districts in the country. *Table N/A—U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics at 51 (September 30, 2023)*, UNITED STATES COURTS, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/09/30-1 (last visited February 23, 2024). Accordingly, while the parties may prefer otherwise, the Court must deal as efficiently as possible with its cases, striving to resolve as many substantive issues as possible at each pass. The Court also notes that the urgency with which Plaintiffs initiated and have pursued this case – through both the Motion for Emergency Stay of Administrative Order and the Motion for Preliminary Injunction – has passed. Defendants agreed to a stay of the enforcement of any action against the Hotel related to the non-renewal of its license until the Court has decided Plaintiffs' judicial review claim and the Court ordered such a stay, which allows the Hotel to remain open for business until the judicial review claim is decided or until further order of the Court. In short, the status quo will remain until the Court can decide the merits of the licensure claim and the Court is endeavoring to tee up the case so that it can decide all aspects of that claim at once, rather than in a piecemeal fashion. It is through this lens that the Court considers the pending motions.

      **A.**      **Motion for Emergency Stay of Administrative Order**

As noted above, Plaintiffs request in the Motion for Emergency Stay of Administrative Order that the Court stay BNS's Order directing the Hotel to close by February 7, 2024. [Filing No. 32.]  The Court has already issued such a stay, allowing the Hotel to remain open for business until the Court has decided Plaintiffs' claim for judicial review of the administrative proceeding or until further order of the Court.  Accordingly, the Court **DENIES** Plaintiffs' Motion for Emergency Stay of Administrative Order, [Filing No. 32], **AS MOOT**.

      **B.**      **Motion for Preliminary Injunction**

In their Motion for Preliminary Injunction, Plaintiffs seek an order "restraining [BNS] from enforcing its order closing [the Hotel] by February 13, 2024, and additionally, mandating BNS to receive and process in the normal course [Mr.] Patel's application for a new hotel license for the year 2024." [Filing No. 45 at 1.]  Because the Court has already ordered that the Hotel may remain open for business until the Court has decided Plaintiffs' claim for judicial review of the administrative proceeding, the request to restrain BNS from enforcing its order closing the Hotel by February 13, 2024 is moot.  As to the request that the Court require BNS to receive and process Mr. Patel's application for a new license for 2024, this request is aimed at allowing the Hotel to remain open for business and it already may do so pursuant to the Court's January 29, 2024 Order.  The Court **DENIES** Plaintiffs' Motion for Preliminary Injunction, [Filing No. 45], **AS MOOT**.

      **C.**      **Motion to Bifurcate**

In their Motion to Bifurcate, Defendants argue that bifurcating Plaintiffs' request for judicial review of the administrative proceeding from their remaining claims would lead to efficient case management and that failing to bifurcate "would result in the parties prematurely conducting discovery, retaining experts, and otherwise preparing for a trial that would waste both

6

the parties' and the Court's resources if a court rules in favor of the administrative decision." [Filing No. 55 at 2.] Defendants assert that the judicial review is limited to the administrative record, that the remaining claims will "require discovery and investigation," and that bifurcation will not prejudice Plaintiffs. [Filing No. 55 at 2.] They contend that "[b]oth parties benefit economically if the end result obviates the need for a much lengthier, more expensive trial on potentially moot issues." [Filing No. 55 at 3.]

In their response, Plaintiffs argue that a party seeking bifurcation "has the burden of first convincing the court that it has a persuasive argument on the question of liability to justify the potential risk, expense, or delay of a bifurcated proceeding," and that Defendants "have yet to even hint at any substantive argument showing why this Court should uphold the administrative decision." [Filing No. 58 at 2.] Plaintiffs argue further that the issues raised by the judicial review claim and the constitutional claims are the same and that "[e]ven if this Court upheld [the] administrative decision, discovery relating to the due process violations occurring during the administrative appeal would [be] required in the § 1983 action." [Filing No. 58 at 4.] Plaintiffs also assert that in some circumstances the administrative record may be supplemented by additional evidence adduced in discovery for judicial review of the administrative proceeding. [Filing No. 58 at 4-5.] Specifically, Plaintiffs contend that discovery is required for the judicial review claim "to examine the *ex parte* communications between the Committee and the BNS attorneys which took place during the administrative appeal," and so that Plaintiffs can "evaluate the facts they were precluded from evaluating during the administrative appeal." [Filing No. 58 at 4-5 (emphasis in original).] Plaintiffs argue that they "have the right to explore the facts evaluated and relied on by the License administrator so [they] can show…the decision was unlawful, based

upon an incorrect or incomplete factual record, or otherwise an abuse of the license administrator's discretion." [Filing No. 58 at 6.]

Defendants did not file a reply brief.

Federal Rule of Civil Procedure 42 provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to bifurcate claims or issues is within the Court's discretion. *EEOC v. Wal-Mart Stores, Inc.*, 38 F.4th 651, 659-60 (7th Cir. 2022); *see also Burton v. E.I. du Pont de Nemours & Co., Inc.*, 994 F.3d 791, 828 (7th Cir. 2021) (whether to bifurcate issues for trial falls within district courts' "inherent authority to manage the course of trials") (quotation and citation omitted).

Plaintiffs assert various claims under the Indiana Constitution and the United States Constitution related to the fairness of the administrative proceeding, and allege that the proceeding was unfair precisely because there were constitutional violations. [*See, e.g.*, Filing No. 44 at 75 (alleging in its judicial review claim that "the License Administrator's denial of [Plaintiffs'] license renewal application violated [Plaintiffs'] rights under the United States and Indiana Constitutions").] Because whether there were constitutional violations is directly relevant to whether the administrative proceeding was fair and proper – the crux of Plaintiffs' request for judicial review of the administrative proceeding – the Court cannot tease out Plaintiffs' constitutional claims from their claim for judicial review of the administrative proceeding.

Further, Indiana law provides for the consideration of information in addition to the administrative record when a court is reviewing an administrative decision. *See* Ind. Code § 4-21.5-5-12(a) ("The court may receive evidence, in addition to that contained in the agency record for judicial review, only if it relates to the validity of the agency action at the time it was taken and

is needed to decide disputed issues regarding one…or both of the following: (1) Improper constitution as a decision-making body or grounds for disqualification of those taking the agency action[; or] (2) Unlawfulness of procedure or of decision-making process."). Because Plaintiffs allege that the administrative process violated their constitutional rights and, therefore, was unlawful, the Court finds it appropriate to consider evidence outside of the administrative record in conducting its judicial review. Accordingly, much of that additional evidence will be relevant to Plaintiffs' constitutional claims, cancelling out any efficiencies that might have been achieved by bifurcating the judicial review claim from Plaintiffs' constitutional claims.[1]

Because whether Defendants violated Plaintiffs' constitutional rights is directly relevant to the judicial review claim, the Court finds that bifurcation of the judicial review claim and the remaining claims will not promote convenience, avoid prejudice, or "expedite and economize," [Fed. R. Civ. P. 42(b)](), and **DENIES** Defendants' Motion to Bifurcate, [[Filing No. 55]()].[2]

**D.    Motion to Stay**

In their Motion to Stay, Defendants argue that the judicial review claim "is limited to review of the certified administrative record by a court" and that "[i]t would be premature to conduct discovery and retain experts and otherwise prepare for a trial until the judicial review is

---

[1] Plaintiffs also assert state law claims for defamation, tortious interference with contractual relationship, and intentional interference with business relationships. In connection with the Motion to Bifurcate, both sides focus on the judicial review claim and the constitutional claims, but do not specifically address the state law claims or whether evidence related to those claims would overlap with evidence relevant to the judicial review claim. In any event, the Court's decision not to bifurcate applies with equal force to Plaintiffs' state law claims.

[2] Having found that bifurcation of the judicial review claim is inappropriate, the Court reiterates that while it intends to hold one hearing on Plaintiffs' judicial review claim and any constitutional challenges to the administrative process, it also will adhere to the principle of "constitutional avoidance, if a difficult question can be resolved either by reliance on state law, or on statutory grounds." *St. Augustine Sch. v. Underly*, 78 F.4th 349, 358 (7th Cir. 2023) (quotations and citations omitted).

9

resolved because the judicial review of the administrative decision may narrow the remaining issues." [Filing No. 56 at 1.] Defendants request that the Court stay, pending judicial review of the administrative proceeding, the deadlines for expert witness disclosures, final witness and exhibit lists, statements of claims or defenses, dispositive motions, non-expert witness discovery, liability discovery, expert witness discovery, damages discovery, a May 2024 settlement conference, and the May 2025 trial date. [Filing No. 56 at 2.]

In their response, Plaintiffs argue that a stay "would needlessly delay resolution of this lawsuit," and that "[i]f discovery is made dependent on resolution of the [claim for judicial review], then it will not commence until the Judicial Review has been fully briefed and ruled upon by the Court – a process that will likely take six months or more." [Filing No. 59 at 2.] Plaintiffs acknowledge, however, that some of the deadlines in the Case Management Plan are "rather optimistic" and may need to be extended. [Filing No. 59 at 2.]

Defendants did not file a reply brief.

For the same reasons that it denies Defendants' Motion to Bifurcate, the Court **DENIES** Defendants' Motion to Stay. [Filing No. 56.] The judicial review claim and Plaintiffs' remaining claims will proceed together, and there is no basis for staying deadlines related to the non-judicial review claims. That said, as discussed below, an extension of the deadlines previously set forth in the Case Management Plan may be appropriate.

  **E.**  **Motion for Extension of Time to Answer Plaintiffs' Amended Complaint**

Defendants also seek an extension of time to Answer the Amended Complaint until 20 days after the Court's decision on Plaintiffs' judicial review claim. [Filing No. 57.] Defendants note that Plaintiffs' original Complaint was 36 pages and that the Amended Complaint is 89 pages. [Filing No. 57 at 1.]

10

Plaintiffs did not respond to Defendants' Motion for Extension of Time.

Federal Rule of Civil Procedure 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  The Court rejects Defendants' request that their obligation to answer the Amended Complaint should key off of when the Court completes its judicial review of the administrative proceeding.  As discussed above, the judicial review claim will not proceed separately from Plaintiffs' remaining claims, so making Defendants' Answer due after the judicial review is complete is not appropriate.

The Court recognizes, however, that the Amended Complaint is extremely lengthy, with a proliferation of claims.  Accordingly, the Court **GRANTS IN PART** Defendants' Motion for Extension of Time, [Filing No. 57], to the extent that it **ORDERS** Defendants to file their Answer to Plaintiffs' Amended Complaint by **March 15, 2024**.

### III.
### FURTHER PROCEEDINGS

The Court had previously scheduled a full hearing on the merits for March 11, 2024, and that hearing is now **VACATED**.  The Court agrees with the parties that the deadlines set forth in the Case Management Plan are likely untenable and **REQUESTS** that the Magistrate Judge confer with the parties as soon as practicable to set forth a new discovery schedule and when the parties will be ready for a hearing on Plaintiffs' judicial review claim, including any constitutional challenges to the administrative process.[3]

---

[3] While the Court is not bifurcating Plaintiffs' state law claims and discovery should proceed on those claims, the hearing will focus on Plaintiffs' judicial review claim and any constitutional challenges to the administrative process, not the state law claims.

11

## IV.
### CONCLUSION

For the foregoing reasons:

- Plaintiffs' Motion for Emergency Stay of Administrative Order Before Business Closure on February 13, 2024, [32], is **DENIED AS MOOT**;

- Plaintiffs' Motion for Preliminary Injunction, [45], is **DENIED AS MOOT**;

- Defendants' Motion to Bifurcate the Judicial Review, [55], is **DENIED**;

- Defendants' Motion to Stay, [56], is **DENIED**;

- Defendants' Motion for Extension of Time to Answer Plaintiffs' Amended Complaint, [57], is **GRANTED IN PART** to the extent that Defendants are **ORDERED** to file their Answer to Plaintiffs' Amended Complaint by **March 15, 2024**;

- The March 11, 2024 hearing on the merits is **VACATED**; and

- The Court **REQUESTS** that the Magistrate Judge confer with the parties as soon as practicable to set forth a new discovery schedule and when the parties will be ready for a hearing on Plaintiffs' judicial review claim, including any constitutional challenges to the administrative process.

Date: 2/26/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**